## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___22-mj-03444-McAliley___

UNITED STATES OF AMERICA,

v.

JULIO PEREZ,

Defendant.
_____

**FILED BY____*dgj*____D.C.**

**Aug 25, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - mia

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:

Aimee C. Jimenez
Assistant United States Attorney
Court ID No.      A5500795
99 N.E. 4th Street
Miami, Florida 33132
Tel: 305-961-9028
Email: aimee.jimenez@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>JULIO PEREZ,<br><br><br><hr>*Defendant(s)* | )<br>)<br>)   Case No.    22-mj-03444-McAliley<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____3/11/2022-8/24/2022_____ in the counties of _Miami-Dade and Broward_ in the

___Southern___ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1349<br>18 U.S.C. § 1347 | Conspiracy to Commit Health Care Fraud<br>Health Care Fraud |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Dylan Ferguson, Special Agent, FBI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by _Face Time_____

Date: _August 25, 2022_

_____
*Judge's signature*

City and state:          Miami, Florida          Hon. Chris M. McAliley, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Dylan Ferguson, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, currently assigned to the Miami Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

2.      I have been a Special Agent with the FBI since April 2021 and have been assigned to the Miami Division since August 2021. While employed with the FBI in the Miami Field Division, I have participated in and conducted numerous health care fraud investigations.  Prior to joining the FBI, I worked as a Hillsborough Sheriff's Deputy for approximately four years.

3.      This Affidavit is submitted for the limited purpose of establishing probable cause that JULIO PEREZ ("PEREZ"), in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in violation of Title 18, United States Code, Sections 1347, and 2 (Health Care Fraud), and that he conspired with others to commit health care fraud, in violation of Title 18, United States Code, Section 1349.

1

4.      The facts contained in this Affidavit are based upon my personal knowledge and observations, as well as facts relayed to me by other law enforcement officers, investigators, witnesses, and documents. This Affidavit does not contain all the facts of this investigation known to me or to other law enforcement personnel. Rather, it sets forth only those facts sufficient to establish probable cause in support of a criminal complaint charging PEREZ with conspiracy to commit health care fraud and substantive health care fraud, in violation of Title 18, United States Code, Sections 1347, 1349 and 2.

## THE MEDICARE PROGRAM

5.      The Medicare Program ("Medicare") is a federal health care program that provides free or below-cost health care benefits to individuals who are sixty-five years of age or older or disabled. The benefits available under Medicare are governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversees and administers Medicare. Individuals who receive benefits under Medicare are commonly referred to as Medicare "beneficiaries."

6.      Medicare is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

7.      Medicare is subdivided into multiple program "parts." Medicare Part A covers health care services provided by hospitals, skilled nursing facilities, hospices, and home health agencies. Medicare Part B covers physician services and outpatient care, including an individual's access to durable medical equipment ("DME").

## THE MEDICAID PROGRAM

8.      The Florida Medicaid Program ("Medicaid") was a partnership between the State of Florida and the federal government that provided health care benefits to certain low-income individuals and families in Florida.  The benefits available under Medicaid were governed by federal and state statutes and regulations.  Medicaid was administered by CMS and the State of Florida's Agency for Health Care Administration ("AHCA").  Individuals who received benefits under Medicaid were commonly referred to as Medicaid "recipients."

9.      Medicaid reimbursed DME companies and other health care providers for items and services rendered to recipients, including DME. To receive payment from Medicaid, providers submitted or caused the submission of claims to Medicaid, either directly or through a Medicaid Managed Care Organization ("MCO").

10.     Medicare beneficiaries who were dual-enrolled Medicaid recipients were referred to as "dual-eligible beneficiaries."  To receive payment for dual eligible beneficiaries, providers submitted or caused the submission of claims to Medicare and Medicaid, either directly or through a billing company or MCO.  Medicare would reimburse the primary cost (80%) and Medicaid would cover the secondary cost (20%) for dual-eligible beneficiaries.

Medicaid was funded with both federal and state money, and was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

## DURABLE MEDICAL EQUIPMENT AND SUPPLIES

11.     DME is equipment designed for repeated use and for a medical purpose, such as orthotic devices, prosthetic limbs, wheelchairs, nebulizers, and for medical supplies such as wound dressing.

12.     To receive payment from Medicare, DME companies are required to submit a health insurance claim form, known as a CMS-1500.  The CMS-1500 requires DME companies to provide certain important information, including: (a) the Medicare beneficiary's name and unique Medicare identification number; (b) the unique physician identification number of the doctor or other qualified health care provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided to or supplied to the beneficiary.  Once claims are submitted, Medicare generally pays a substantial portion of the cost of the DME and makes those payments directly to the DME company rather than to the patient/beneficiary.

13.     A claim for DME submitted to Medicare qualifies for reimbursement only if it was medically necessary for the treatment of the beneficiary's illness or injury, prescribed by a licensed physician, and actually provided to the beneficiary as billed.

## THE DEFENDANT AND RELATED ENTITIES

14.     Miami Blue Med Supplies Corp. ("Miami Blue"), is a Florida corporation located at 10211 W. Sample Rd, Suite 117, Coral Springs, Florida, that purportedly provides DME to Medicare beneficiaries and Medicaid recipients.

15.     J.P.G. Supply Corp. ("J.P.G. Supply") is a Florida corporation located at 10211 W. Sample Rd, Suite 117, Coral Springs, Florida.

16.     JULIO PEREZ, is a resident of Hialeah, in Miami-Dade County.  PEREZ is the listed registered agent and president of Miami Blue. He is also the listed registered agent and president of J.P.G. Supply.

**PROBABLE CAUSE**

17.     According to the State of Florida, Division of Corporation records, Miami Blue was formed as a Florida corporation on or about August 27, 2021.   PEREZ became Miami Blue's registered agent and president on or about April 19, 2022.

18.     Medicare's enrollment records list PEREZ as the sole owner and authorized official for Miami Blue, a purported provider of DME.  These same records show Miami Blue having a Bank of America checking account ending in 5337 at its branch located at 1001 East 9th Street, Hialeah, Florida 33010.  PEREZ is listed as the owner and authorized official and the sole contact person on the Electronic Fund Transfer section of the Medicare enrollment records.

19.     Bank of America records show that on or about April 21, 2022, PEREZ opened Miami Blue's account ending in 5337 and that he was listed as the sole signatory on the account. The Bank of America records also show that on or about May 13, 2022, PEREZ opened an account for J.P.G. Supply ending in 9547 and that he was listed as the sole signatory on the account.  The same records also indicate that PEREZ opened a personal account at Bank of America ending in 2644 on or about March 11, 2022.  The signature cards for the accounts ending in 5337, 9547, and 2644 are consistent with the signature on PEREZ's Florida Driver's License.

20.     On or about August 12, 2022, federal agents interviewed the owner/manager of the office building where Miami Blue was located, 10211 W. Sample Rd, Coral Springs, Florida.  The owner supplied agents with a copy of the lease for Miami Blue, Unit 117, which lists PEREZ as the owner of Miami Blue, and contains PEREZ's signature with a date of May 26, 2022.  The owner was shown a photograph of PEREZ, and she identified the individual in the photograph as the person who signed the lease on behalf of Miami Blue.  PEREZ's signature on the leasing documents for Miami Blue is consistent with the signature on PEREZ's Florida Driver's License.

The owner also indicated that PEREZ was accompanied by two other males.  In addition to the lease for Miami Blue bearing PEREZ's signature, the owner provided agents copies of two bank statements showing electronic fund transfers for rent paid by Miami Blue.  The Bank of America records for Miami Blue show payments from the account ending in 5337 for its rent reflecting the same amount.

21.     All of the claims that Miami Blue submitted to Medicare for reimbursement listed physician M.H. as the prescriber of the DME.  On or about August 15, 2022, agents interviewed Dr. M.H., to whom agents had previously provided the patient information for all of the Medicare beneficiaries and Medicaid recipients listed on Miami Blue's claims.  Dr. M.H. advised that he had reviewed his patient files and he confirmed that 211 of 214 Medicare beneficiaries for which Miami Blue submitted DME claims to Medicare using his provider information were not his patients.  As for the three Medicare beneficiaries who Dr. M.H. had seen as patients, none were seen during Miami Blue's billing period of May 19, 2022 through August 2022.  Furthermore, Dr. M.H. denied having prescribed DME to any of those three patients.  Dr. M.H.'s purported prescriptions account for 100% of the claims submitted for reimbursement by Miami Blue to Medicare from on or about May 19, 2022, through on or about August 19, 2022.

22.     Agents interviewed ten (10) Medicare beneficiaries to whom Miami Blue purportedly supplied DME totaling approximately $145,677.21 in claims.  The claims for all ten Medicare beneficiaries contain several indicia of fraud.

a.  Miami Blue billed Medicare for three health care procedure codes, that is, Collagen Dressing, Ultraviolet light therapy, and Speech Generating Device;

b. The one prescribing physician, Dr. M.H., was an orthopedic doctor, who stated he did not prescribe dressings for open wounds, Ultraviolet light therapy, and Speech Generating Device to any beneficiary.

c. All ten patients denied having received the services billed by Miami Blue. All of them stated that they did not know Miami Blue, and that they did not know the referring physician, Dr. M.H.

23.     From on or about May 19, 2022, through on or about August 15, 2022, Miami Blue electronically submitted fraudulent DME claims to Medicare totaling approximately $3,085,653.73.

24.     From on or about May 24, 2022, through on or about August 22, 2022, Medicare records indicate that it made electronic payments to Miami Blue totaling approximately $1,898,145.07, based on fraudulent claims for DME that Miami Blue did not provide to Medicare beneficiaries or to Medicaid recipients. The Bank of American records for account ending in 5337 show deposits from Medicare totaling $1,996,832.61 through August 22, 2022. The Bank of America records for the Miami Blue account also show deposits totaling approximately $623,834.03 from the Bank of America J.P.G. Supply account ending in 9547.

25.     On or about August 23, 2022, agents learned that PEREZ, who is a Cuban national and lawful permanent U.S. resident, was scheduled to board a flight to Havana, Cuba leaving from Miami International Airport on August 24, 2022. On August 24, 2022, PEREZ checked in to the airline at Miami International Airport to board his flight to Cuba.

26.     On August 24, 2022, Officers for U.S. Customs and Border Protection ("CBP") conducted an inspection of PEREZ before he could board his flight to Cuba. CBP Officers

recovered approximately $6,668 in U.S. currency, 600 Euros, and 4,300 Cuban pesos from PEREZ.

27.     During an inspection of PEREZ's cell phone, CBP Officers observed photographs of banking records, including the following: a receipt showing the balance of an account at a Hialeah branch of JPMorganChase, blank checks for Miami Blue, checks filled out from Miami Blue and J.P.G. Supply, and banking transaction receipts showing bank transfers on August 9, 2022, from the Miami Blue account to PEREZ's personal account for the amount of $140,000, and from the J.P.G. account to PEREZ's personal account for the amount of $150,000.  CBP Officers also recovered from PEREZ multiple blank checks for Miami Blue accounts at Bank of America and at JPMorganChase, as well as Bank of America records for J.P.G. Supply.

28.     Thereafter, agents who are fluent Spanish speakers interviewed PEREZ at Miami International Airport.  During the interview, PEREZ admitted that he had agreed to be the listed owner of Miami Blue and of J.P.G. Supply, to open bank accounts for the corporations, and to sign a lease for the office space.  PEREZ admitted to withdrawing cash on several occasions from the Miami Blue accounts, in amounts of $10,000 or less, and turning over the U.S. currency to another individual at locations in Miami Dade County.  PEREZ stated that this other individual directed his activities.  PEREZ denied knowing that Miami Blue purported to be a DME or that it submitted fraudulent claims to the Medicare and Medicaid programs for which it has been paid more than $1.9 million.

## CONCLUSION

29.    Based on the forgoing, I respectfully submit that there is probable cause to believe that PEREZ has committed Conspiracy to Commit Health Care Fraud, in violation of Title 18, United States Code, Section 1349, and Health Care Fraud, in violation of Title 18, United States Code, Sections 1347, and 2.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

DYLAN FERGUSON, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Attested to by the applicant, in accordance with the requirements of Fed. R. Crim. P. 4.1
by Face Time on this _25th_ day of August 2022.

HONORABLE CHRIS M. McALILEY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

9